## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Dart Transit Co.,

Case No. 24-cv-3686 (KMM/SGE)

          Plaintiff,

v.

**ORDER**

Paccar, Inc., *et al.*,

          Defendants.

---

This matter is before the Court on Plaintiff Dart Transit Co.'s Motion for Leave to Amend the Complaint (Dkt. 47). The Court heard oral argument on the motion December 11, 2025, and took the Motion under advisement. (*See* Dkt. 55.) For the reasons that follow, the Court grants the motion in part and denies the motion in part.

## BACKGROUND

Plaintiff Dart Transit Company is a trucking company that operates a fleet of commercial trucks. Highway Sales, a long-time affiliate of Dart Transit, purchased 498 trucks from Defendant PACCAR, Inc., beginning in 2017. Each of these trucks had MX-13 engines, and Dart Transit leased these trucks to use in its fleet. In connection with the purchase of the trucks, PACCAR provided a Limited Warranty Agreement that included a one-year contractual limitations period, a repair-or-replace exclusive remedy, and a consequential-damages disclaimer. (Limited Warranty Agreement, Dkt. 17-1.)

Dart Transit filed the complaint in this matter on August 19, 2024, alleging that after Highway Sales acquired the vehicles, the MX-13 engines suffered from multiple defects, which rendered the vehicles frequently disabled and inoperable. (*See generally* Compl., Dkt. 1.) PACCAR moved to dismiss the Complaint. The Honorable Katherine M. Menendez, United States District Judge for the District of Minnesota, granted-in-part and denied-in-part PACCAR's motion. As relevant to the instant motion, Judge Menendez dismissed Dart Transit's claim for damages that were otherwise disclaimed by the Limited Warranty Agreement and dismissed Dart's claim under the Minnesota Prevention of Consumer Fraud Act. (Dkt. 30 at 14-20, 22-25.) This court entered a Pretrial Scheduling Order on April 22, 2025. (Dkt. 36.) Pursuant to the ordered schedule, the deadline to amend the pleadings was November 14, 2025.

On November 14, 2025, Dart Transit moved to amend the pleadings to (1) add Highways Sales as a plaintiff and (2) revise the allegations in one paragraph of the Complaint to clarify that there was no public awareness of the alleged engine defects at the time of the purchase. Dart Transit argues that the proposed amendment is consistent with its prior disclosures, Highway Sales has a real interest in this dispute and its participation in this matter will promote judicial efficiency, and the motion is timely brought under the Pretrial Scheduling Order. PACCAR opposes the motion, arguing that Dart Transit's proposed amendments are futile.

2

## ANALYSIS

### I.    Legal Standard

The Federal Rules provide that courts should "freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a)(2). Under this liberal standard, amendments should be denied only where there has been some undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies via previous amendments, undue prejudice to the non-moving party, or futility. *E.g.*, *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008).

An amendment is futile where the proposed claim "could not withstand a motion to dismiss under Rule 12(b)(6)." *Silva v. Metropolitan Life Ins. Co.*, 762 F.3d 711, 719 (8th Cir. 2014) (citation omitted). "To survive a motion to dismiss for failure to state a claim, the complaint must show the plaintiff 'is entitled to relief,' Fed. R. Civ. P. 8(a)(2), by alleging 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *In re Pre-Filled Propane Tank Antitrust Litig.*, 860 F.3d 1059, 1063 (8th Cir. 2017) (en banc) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). On a motion to dismiss, the court must take all of the plaintiff's allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)).

### II.    Adding Highway Sales as Plaintiff is Futile.

PACCAR argues that Dart Transit's proposed addition of Highway Sales as a plaintiff should be denied because any claim Highway Sales could have against PACCAR

3

is subject to a 12-month limitation in the Limited Warranty Agreement, and this action was first filed 15 months ago. Thus, any claim that Highway Sales could assert must have accrued no less than 15 months ago and is therefore barred by the 12-month limitation. PACCAR also argues that adding Highway Sales would be futile because the damages it asserts are the same consequential damages that Judge Menendez dismissed as non-recoverable. (See Dkt. 30 at 14-20.)

### A. Proposed Amended Complaint Relates Back

PACCAR first argues that any claims Highway Sales might advance against it are barred by the Limited Warranty Agreement, which provides that Plaintiffs have "12 months from the accrual of the cause of action to commence any legal action arising from the purchase or use of the Vehicle, or be barred forever." (Limited Warranty Agreement, Dkt. 17-1, at 1.) Dart Transit's motion to amend the Complaint and add Highway Sales as a Plaintiff, filed on November 14, 2025, comes more than 15 months after the action commenced. PACCAR argues that because it has been more than 15 months, any cause of action Highway Sales might assert must have accrued more than 12 months ago and is thus barred by the Limited Warranty Agreement.

Dart Transit served PACCAR with the summons and complaint on August 19, 2024, which PACCAR later removed to this court. (*See* Dkt. 1-1, Summons and Complaint.) This action therefore commenced on August 19, 2024. *See* Minn. R. Civ. P. 3.01(a); *Plubell v. Merck & Co., Inc.*, 434 F.3d 1070, 1072 (8th Cir. 2006) (state law determines when a suit is commenced in state court). If Highways Sales were to file a new complaint, the Limited Warranty Agreement would limit its claims to those arising in the 12 months before the

4

new complaint was filed. The issue, then, becomes whether the amendment relates back to Dart Transit's original Complaint or states a new cause of action.

Federal Rule of Civil Procedure 15(c) governs the relation back of amended pleadings. The advisory committee notes to the 1966 amendments address whether an amended pleading under the rule can add a new plaintiff:

> The relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier. Again the chief consideration of policy is that of the statute of limitations, and the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs.

Fed. R. Civ. P. 15(c) advisory committee's note on the 1966 amendment; *see also Plubell*, 434 F.3d at 1072 (analyzing under Missouri law); *Crowder v. Gordons Transps., Inc.*, 387 F.2d 413, 418 (8th Cir. 1967). This doctrine "permits untimely claims to be deemed timely when they relate back to an original, timely pleading." *Bennett v. Ecolab, Inc.*, Case no. 24-cv-546 (JMB/SGE), 2026 WL 810758, at *9 (D. Minn. Mar. 24, 2026); *see also Mandacina v. United States*, 328 F.3d 995, 1000 (8th Cir. 2003) ("The relation back doctrine allows untimely claims to be deemed timely by treating the claims as if they had been filed when the *timely* claims were filed." (emphasis added)).

When determining whether an amendment adding a new plaintiff relates back to the original complaint, federal courts generally either interpret Rule 15(c)(3) or apply a judicially created test. *See Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1131-32 (11th Cir. 2004) (comparing both approaches). This Court will follow the Eighth Circuit's example in *Plubell* and apply the Rule 15(c)(3) approach "because the advisory committee's note indicates that the rule was intended to apply in situations where a new

plaintiff is added." *Plubell*, 434 F.3d at 1072. Under that approach, an amendment relates back if "the defendant knew or should have known that it would be called on to defend against claims asserted by the newly-added plaintiff," unless "the defendant would be unfairly prejudiced in maintaining a defense against the newly-added plaintiff." *Cliff*, 363 at 1132; *see also SMS Fin., Ltd. Lib. Co. v. ABCO Homes, Inc.*, 167 F.3d 235, 244-45 (5th Cir. 1999); *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 19 (2d Cir. 1997); *Nelson v. County of Allegheny*, 60 F.3d 1010, 1014-15 (3d Cir. 1995).

PACCAR concedes that the claims Highway Sales asserts in the Proposed Amended Complaint are "the same express warranty claim as Dart [Transit], based on the same trucks and the same factual predicate." (Mem. in Opp. at 7.) The question is whether PACCAR was put on notice of the claims that Highway Sales asserts in the Proposed Amended Complaint. This Court finds that it was. Both the Complaint and Proposed Amended Complaint set forth the same conduct by PACCAR as the basis of the claims. Furthermore, Highway Sales is mentioned in both pleadings and the Limited Warranty Agreement itself. Regardless of whether Highway Sales *could* have been included as a plaintiff from day one, PACCAR knew or should have known that it might be called upon to defend against claims by Highway Sales, particularly as they are the same claims that Dart asserts.

The next step to evaluate is whether PACCAR would be unfairly prejudiced if the Proposed Amended Complaint relates back. *Plubell*, 434 F.3d at 1073. As previously stated, the claims in the Complaint and the Proposed Amended Complaint are the same. PACCAR knew when it was served with the original Complaint that it would have to defend against a breach of warranty claim regarding the trucks Highway Sales purchased and Dart Transit

later leased. PACCAR will face no prejudice by having to continue to defend the same claims. Indeed, PACCAR does not argue that it would face prejudice. (*See* Mem. in Opp.) PACCAR notes that Highway Sales is a close affiliate of Dart Transit and that its existence and involvement in the transactions has been well-known to all parties from the beginning of this action.

Accordingly, the court determines that the conduct alleged by Plaintiffs in the Proposed Amended Complaint arises out of the same conduct, transaction or occurrence set forth in the original pleadings. Because the claims are the same in both pleadings, PACCAR is not unfairly prejudiced by the addition of Highway Sales as a plaintiff. Under the Rule 15(c)(3) test, the Proposed Amended Complaint relates back to the original Complaint, and Highway Sales' claims against PACCAR are not time-barred by the 12-month limitation in the Limited Warranty Agreement.

### B. Direct or Consequential Damages

PACCAR also argues that amending the complaint would be futile because the damages that Highway Sales alleges under the Proposed Amended Complaint are the same consequential damages that Judge Menendez determined were unrecoverable pursuant to the Limited Warranty Agreement.

According to the Proposed Amended Complaint, under the financing arrangements used to purchase the vehicles, Highway Sales bears the obligation at the end of the lease "to pay any residual-value deficiency if the sale proceeds from the Vehicles are less than the stated TRAC amount or residual value." (Proposed Am. Compl. ¶ 48.) In other words, at the end of the lease, if the sale value of the vehicle is less than a contractually

predetermined amount, then Highway Sales will pay to cover the difference. And because the complained-of defects "depressed the resale value of the Vehicles," the gap that Highway Sales was obligated to cover increased. The Proposed Amended Complaint adds as damages "TRAC residual-value deficiencies, i.e., the difference between (a) the TRAC amount or stated residual value in the applicable lease schedules, and (b) the sale proceeds obtained at the end of the lease term." (Proposed Am. Compl. ¶ 61.)

Dart Transit argues that the residual-value deficiencies are direct damages because they reflect a difference in the value of the goods that were promised and the value of the goods that were delivered. This, however, conflicts with Minnesota's definition of consequential damages in its version of the UCC. *See* Minn. Stat. § 336.2-715(2)(a)-(b). The first type of consequential damages "include[s] . . . any [unmitigated] loss[es] resulting from a seller's failure to live up to "general or particular requirements" that the "seller at the time of contracting had reason to know." *Id.* § 336.2-715(2)(a). The second type is any "injury to person to property proximately resulting from any breach of warranty." *Id.* § 336.2-715(2)(b). These damages are "the consequence of special circumstances known to or reasonably supposed to have been contemplated by the parties when the contract was made." *Kleven v. Geigy Acric. Chems.*, 227 N.W.2d 566, 569 (Minn. 1975). Direct damages, by contrast, are direct because they "arise out of the breach itself." *Id.*; *accord* Minn. Stat. § 336.2-714(1)-(2) (noting the measure of direct damages "is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had . . . if they had been as warranted").

In her Order, Judge Menendez discussed the UCC and its approach to consequential-damages exclusions like the one at issue in this case. At oral argument for the instant motion, Dart Transit directed this Court to *Peterson v. Bendix Home Systems*, 318 N.W.2d 50 (Minn. 1982), as support that the residual-value deficiency damages the Proposed Amended Complaint identifies constitute direct damages. But *Peterson* answers a different question. That court addressed the effect of Minnesota's Comparative Fault Statute on a plaintiff's ability to recover direct and consequential damages, not whether certain damages are direct or consequential. *Id.* at 54-55.

A better guide to types of damages under Minnesota law is *Far East Aluminium Works Co. Ltd. v. Viracon, Inc.*, 27 F.4th 1361 (8th Cir. 2022). In that case, Far East purchased windows with special coating from Viracon, and the contract for sale "shifted most of the risk to Far East." *Id.* at 1364. This contract included a clause that Viracon "SHALL NOT BE LIABLE UNDER ANY CIRCUMSTANCES FOR INDIRECT, INCIDENTAL, CONSEQUENTIAL, SPECIAL OR PUNITIVE DAMAGES OF ANY KIND." *Id.* Over time, the special coating on the windows began to fail, and Far East had to pay the cost of replacing the windows, removing them, and reinstalling new ones. *Id.* The Eighth Circuit determined that although the cost of getting replacement windows were direct damages, the costs of removing defective windows and installing new ones were "the sort of additional, foreseeable losses that arise out of the contract's 'particular requirements,' which brings them squarely within Minnesota's definition of consequential damages." *Id.* at 1365 (quoting Minn. Stat. § 336.2-715(2)(a)). Because the damages were

consequential, the limitation clause in the sales contract prevented Far East from recovering them.

The same logic leads this Court to determine that the residual-value deficiency damages in the Proposed Amended Complaint are consequential damages. The residual-value deficiency damages—the gap between the sale proceeds for the vehicles and an agreed-upon TRAC residual value—are the sort of additional, foreseeable losses that arise out of the particular requirements of Highway Sales' leases for the vehicles. These are consequential damages, and Judge Menendez determined in her February 25, 2026 Order that consequential damages are barred by the Limited Warranty Agreement. (Dkt. 30.) Judge Menendez ultimately found that the exclusion in the Limited Warranty Agreement is not unconscionable and is therefore enforceable, and that Dart Transit had not alleged any facts that would void the contract's disclaimer of consequential damages. The same barrier makes the proposed amendments adding allegations of residual-value deficiency damages futile.

Without allegations of damages in the form of residual-value deficiencies, the Proposed Amended Complaint fails to allege that Highway Sales suffered damages. The Limited Warranty Agreement limits remedies to "THE REPAIR OR REPLACEMENT OF 'WARRANTABLE FAILURES'" at authorized dealers. (Limited Warranty Agreement, Dkt. 17-1 at 1.) The Proposed Amended Complaint does not allege that Highway Sales paid for repairs that the Limited Warranty Agreement covered or suffered any other direct damages. The only damages that the Proposed Amended Complaint alleges Highway Sales suffered are consequential damages, which are barred by the Limited Warranty Agreement.

10

Thus, the Proposed Amended Complaint does not allege that Highway Sales suffered any damages that it is entitled to recover. Accordingly, the Court denies Dart Transit's motion to add Highway Sales as a plaintiff.

### III. Amendment to Paragraph 60

Finally, Plaintiffs seek to revise Paragraph 60 to include allegations that the defects in PACCAR's engines were not publicly known when Plaintiffs purchased and leased the Vehicles, and that current widespread knowledge of the defects has negatively impacted the value of the vehicles, making them difficult to trade or sell. (Proposed Am. Compl. ¶ 60.) PACCAR argues that this amendment is futile because it "has nothing whatsoever to do with the express warranty claim that survived dismissal" and it would "muddy the record for appeal by unwinding a contradiction the Court rightly observed between what Dart pled and what it later argued." (Mem. in Opp. at 10.) The standard, however, asks whether there has been undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies via previous amendments, undue prejudice to the non-moving party, or futility. *Sherman*, 532 F.3d at 715. PACCAR has not demonstrated that any of the reasons to deny the proposed amendment to Paragraph 60 exists. This motion was filed before the deadline to amend pleadings, allowing the proposed amendment to Paragraph 60 would not revive any of the claims that Judge Menendez dismissed, and the amendment would not impose any undue prejudice on PACCAR. The Court determines that Dart's motion will be granted as it relates to the proposed amendment to Paragraph 60.

## <u>ORDER</u>

Accordingly, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Dart Transit's Motion (Dkt. 47) is **GRANTED-IN-PART** and **DENIED-IN-PART** as set forth above.

Dated: April 6, 2026                                  *s/Shannon G. Elkins*
                                                       SHANNON G. ELKINS
                                                       United States Magistrate Judge