**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Dart Transit Company,

Plaintiff,

v.

PACCAR, Inc.,

Defendant.

Case No. 24-cv-03686 (KMM/SGE)

**ORDER ON PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

---

This matter is before the Court on plaintiff Dart Transit Company's ("Dart") objection to the April 6, 2026 Order of Magistrate Judge Shannon G. Elkins (hereafter "the April 6 Order"). (*See generally* Pl's Objection, Dkt. 64; Order on Mot. for Leave to Am., Dkt. 60.) In relevant part, Judge Elkins denied the portion of Dart's motion for leave to amend its complaint to add Highway Sales, Inc. ("Highway Sales") as a plaintiff. (Dkt. 60 at 11.[1]) Based on this Court's review, the April 6 Order is accepted with modifications.

## BACKGROUND

The relevant facts are explored in greater detail in earlier decisions in this case, and the Court will not repeat them in full here. (*See generally* Order on Mot. to Dismiss, Dkt. 30; Dkt. 60.) After this Court granted in part and denied in part Defendant PACCAR, Inc.'s ("PACCAR") Motion to Dismiss (Dkt. 30), Dart filed its motion to amend along with a Proposed Amended Complaint. (*See* Mot. for Leave to Am., Dkt. 47; Lamb Aff., Dkt.

---

[1] Unless otherwise noted, citations to page numbers in this Order are to the CM/ECF-generated pagination.

50.) Judge Elkins granted in part and denied in part Dart's motion to amend, and Dart filed timely objections.

***The Order on Dart's Motion for Leave to Amend***

In its motion to amend the pleadings, Dart sought to: (1) add Highway Sales as a plaintiff and (2) revise allegations in paragraph 60 of the original Complaint. (Dkt. 60 at 2.) In the April 6 Order, Judge Elkins held that adding Highway Sales as a plaintiff would be futile and that Dart could amend paragraph 60 of the original complaint as proposed. (*Id.* at 10–11.)[2]

With respect to Dart's request to add Highway Sales as a plaintiff, Judge Elkins analyzed two primary arguments raised by PACCAR in opposition: (1) Highway Sales' claims are time-barred by the Limited Warranty Agreement; and (2) adding Highway Sales would "be futile because the damages it asserts are the same consequential damages that [this Court] dismissed as non-recoverable" (Dkt. 60 at 3–4).

Applying Federal Rule of Civil Procedure Rule 15(c), Judge Elkins found that Highway Sales' claims are not time-barred. (Dkt. 60 at 4–7 (applying *Plubell v. Merck & Co., Inc.*, 434 F.3d 1070, 1072 (8th Cir. 2006)).) Specifically, Judge Elkins held that PACCAR was adequately "put on notice of the claims that Highway Sales asserts in the

[2] Neither party objects to Judge Elkins' conclusion that Dart be granted leave to amend paragraph 60, and this Court sees no reason to disturb that ruling. *Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.")

Proposed Amended Complaint" and that PACCAR would not be unfairly prejudiced if the Proposed Amended Complaint were to relate back. (*Id.* at 6.)

The April 6 Order next addressed whether leave to amend should be denied because Highway Sales' claims are futile for failure to adequately plead recoverable damages. In particular, Judge Elkins considered Highway Sales' claim that it could recover "TRAC residual-value deficiencies," which are "the gap between the sale proceeds for the vehicles and an agreed-upon TRAC residual value." (Dkt. 60 at 10.) Judge Elkins found these to be consequential damages that cannot be recovered under the Limited Warranty Agreement. (*Id.*) The April 6 Order identified no other damages allegedly suffered by Highway Sales. Therefore, Dart's motion to add Highway Sales as a plaintiff was denied as futile. (Dkt. 60 at 10–11.)

***Dart's Objection***

Dart objects to that futility analysis. First, Dart challenges the finding that Highway Sales alleged only one type of damages. Pointing to paragraph 76 of the Proposed Amended Complaint, Dart argues multiple types of damages are alleged, which apply equally to both proposed plaintiffs. Therefore, Dart contends that the futility analysis in the April 6 Order was incomplete. (Dkt. 64 at 6, 8–9.)

Second, Dart asserts that at least one form of damages articulated in paragraph 76 of the Proposed Amended Complaint, the "loss attributable to the diminished value of [the] Vehicles," constitutes direct damages suffered by Highway Sales. Because the Limited Warranty does not exclude direct damages, Dart contends that Highway Sales' claims are

not futile for failure to plead recoverable damages, nor are they foreclosed by the earlier Motion to Dismiss holding. (Dkt. 64 at 7–8, 10.)

***PACCAR's Response***

PACCAR raises two primary arguments in response to Dart's objection. First, it argues that the April 6 Order correctly characterizes TRAC residual-value deficiencies as consequential damages and that any "claim to recover those damages would be futile." (Dkt. 65 at 6.[3]) Second, PACCAR argues that any alternative damage theory brought forward by Dart in objection is waived since, according to PACCAR, Dart never "asserted that one category of Highway's sought damages was supposedly those contemplated by Minn. Stat. § 336.2-714(2)."[4] (*Id.*)

In the alternative, PACCAR argues that Dart's proposed amendment should be denied because Highway Sales' claims are time barred and the April 6 Order incorrectly found that Highway Sales claims relate back, when in fact that doctrine should not apply. (Dkt. 65 at 13–14.) PACCAR argues that the addition of Highway Sales should be construed as an attempt to intervene and, as such, subject to Federal Rule of Civil Procedure 24 which "does not contain a relation-back provision." (Dkt. 65 at 15 (citing *Myers v. Country Mut. Ins. Co.*, 117 F. App'x 686, 688 (10th Cir. 2004).)

[3] PACCAR's Response contains a Table of Contents and a Table of Authorities, so the Court cites to the document's own pagination.

[4] Under Minnesota's adoption of the Uniform Commercial Code concerning the sale of goods, Minn. Stat. § 336.2-714(2) provides that the "measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount."

## DISCUSSION

### I. Legal Standard

Local Rule 72.2 controls review of Magistrate Judge rulings. While review of most objections to a non-dispositive order requires a finding that the order "is clearly erroneous or is contrary to law," when a party seeks review of a motion to amend that has been denied on futility grounds, "the district court will review the futility determination de novo." D. Minn. L.R. 72.2(a)(3)(A), (a)(3)(B); *Magee v. Trustees of the Hamline Univ., Minn.*, 957 F. Supp. 2d 1047, 1062 (D. Minn. 2013) ("[T]he court reviews *de novo* a magistrate judge's determination that a motion to amend a pleading will be denied because the amendment would be futile."). "Denial of a motion for leave to amend on the basis of futility 'means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.'"[5] *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (quoting *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008)).

[5] While other reasons may support denying leave to amend in different contexts, *see Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008), only the questions of futility and Judge Elkins' relation-back finding are at issue here.

The Court will treat PACCAR's arguments that the April 6 Order incorrectly held Highway Sales' claims relate back to the initial filing of the original Complaint as timely,[6] and will also review the relation-back issue *de novo*. *See Briggs v. County of Monroe*, 215 F. supp. 3d 213, 215 (W.D.N.Y. 2016) (finding that *de novo* standard of review applied to a magistrate judge's conclusion that proposed amendments did not relate back); *In re Payment Card Interchange Fee and Merchant Discount Antitr. Litig.*, No. 05-MD-1720 (MKB), 2018 WL 4158290, at *9 (E.D.N.Y. Aug. 30, 2018) (same).

## II. Relation Back

First addressing Defendant's procedural objection, the Court agrees with Judge Elkins' application of Federal Rule of Civil Procedure 15(c)(3) and comes to the same conclusion. *Plubell*, 434 F.3d at 1072. Highway Sales' claims asserted in the Proposed Amended Complaint arise out of the same conduct, transaction, or occurrence set forth in the original pleading. And if leave to amend were granted to Dart and the Proposed Amended Complaint became controlling, PACCAR would neither be unfairly prejudiced nor would they have to defend against anything different than the set of claims already in

[6] The Court agrees with Defendant that they may present objections to this part of the order. (Dkt. 65 at 9 n. 2 (citing *United Dates v. Hamdan*, 2024 WL 3355621, at *3 (D.S.D. July 10, 2024)).) PACCAR did not raise its disagreement with Judge Elkins' relation-back finding until its response on May 4, 2026. That was after the 14-day deadline for any party to file objections. But, Dart did not raise any timeliness concern in its reply (Dkt. 73), and PACCAR ultimately obtained everything it wanted out of the April 6 Order denying Dart's Motion to Amend regardless of the relation-back finding. To require a party to object to a portion of a non-dispositive order that did not ultimately deprive that party of the outcome it asked the court to reach would cause parties to waste resources and would add an unnecessary burden on the courts.

front of them based on the initial complaint. See *Cliff v. Payco Gen. Am. Credits, Inc.*, 363 F.3d 1113, 1132 (11th Cir. 2004).

**III. Waiver**

PACCAR next argues that Highway Sales' diminution-in-value theory of damages was waived because the first time it appears is in Dart's Objection to the April 6 Order.[7] (Dkt. 65 at 6.) Dart argues both that it did, in fact, raise this issue sooner and that waiver does not apply here because the Proposed Amended Complaint controls the *de novo* futility analysis. Here, even if Dart arguably waived this argument, this Court will not apply the general rule that arguments raised for the first time in objections to a magistrate judge's decision are waived.

As the Supreme Court has made clear, a "district judge has jurisdiction over the case at all times" and is not precluded from reviewing a magistrate judge's decision "*sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154 (1985). Because the Proposed Amended Complaint controls the Court's futility analysis, it is appropriate to consider Highway Sales's diminution-in-value theory that is set forth in the proposed amended pleading. *See Selective Ins. Co. of S.C. v. Sela*, 353 F. Supp. 3d 847 (D. Minn 2018) (noting that a futility analysis focuses on "the four

[7] Dart argues that their Proposed Amended Complaint articulates multiple, distinct categories of damages and that all these damages apply – in equal part – to both Dart and Highway Sales. (Dkt. 50-1 ¶ 76 ("As a direct and proximate result of Defendant's breach of express warranties, Plaintiffs suffered economic damage, including loss attributable to the diminished value of their Vehicles, loss of use, as well as the monies spent and to be spent to repair and/or replace their Vehicles, and damages in the form of TRAC residual-value deficiencies.").)

corners of the (proposed) amended complaint"); *Zutz*, 601 F.3d at 851–52 ("[I]n reviewing a denial of leave to amend we ask whether the proposed amended complaint states a cause of action under the *Twombly* pleading standard . . . ."). And the Court will consider Dart's argument because of the strong federal policy to decide cases on the merits where possible. *Geiger v. Minn. Dep't of Hum. Servs.*, No. 14-cv-1576 (JRT/LIB), 2015 WL 1334040, at *3 (D. Minn. Mar. 25, 2015) (noting that there is "a strong judicial preference for deciding a case on the merits rather than disposing of a case on technical grounds").

**IV. Highway Sales' Damage Allegations**

The Court now turns to the question of whether, as pleaded, the Proposed Amended Complaint could withstand a motion to dismiss under Rule 12(b)(6). Dart invites the Court to address this question narrowly:

> [The Court] need not determine at this stage whether TRAC residual-value deficiencies are themselves direct damages, consequential damages, or some combination depending on proof. Even if the Court were to agree with the Order's classification of TRAC deficiencies, amendment would still not be futile because the Proposed Amended Complaint independently alleges direct diminished-value damages. That alone defeats futility . . . . Where, as here the Proposed Amended Complaint alleges at least one plausible and recoverable category of damages, futility is not established.

(Dkt. 64 at 10–11.) However, because the Court is conducting a *de novo* review of whether leave to amend is futile—and, in so doing, is considering the entire Proposed Amended Complaint as pleaded—it will assess the viability of each of Highway Sales' direct damage allegations in turn. (*Id.* at 5 ("Paragraph 76 [of the Proposed Amended Complaint] alleges that Plaintiffs suffered 'loss attributable to the diminished value of their Vehicles,' . . . 'and

damages in the form of TRAC residual-value deficiencies.' The conjunction 'and' makes plain that these are distinct categories of damage.") (internal citations omitted).)

**A. Direct versus Consequential Damages**

In relevant part, the Court's earlier order on PACCAR's Motion to Dismiss held that Plaintiff's breach-of-express-warranty claim would survive. (Dkt. 30 at 9–10.) But the Court also ruled that any claims for consequential damages must be dismissed because Plaintiff failed to "allege facts that would allow it to avoid the warranty's disclaimer on consequential damages." (*Id.* at 20.) Now, the operative question is whether the two categories of damages that Highway Sales claims to have suffered are consequential or direct damages. If they're consequential, amendment is futile. If they're direct, then amendment is not.

The difference between these two types of damages is defined in statute. *See* Minn. Stat. §§ 336.2-714–15. Direct damages are those "loss[es] resulting in the ordinary course of events from the seller's breach," § 336.2-714(1), while consequential damages are either those "loss[es] resulting from general or particular requirements and needs of which the seller . . . had reason to know and which could not reasonable be prevented" or "injur[ies] to person or property proximately resulting from any breach of warranty," § 336.2-715(2)(a)–(b).

Courts have further distinguished between the two categories by assessing whether alleged damage "arise[s] out of the breach itself" (direct) or "foreseeably result[s] from the breach" (consequential). *Kleven v. Geigy Agric. Chems.*, 227 N.W.2d 566, 569 (Minn. 1975). Damages like loss of profits "caused by the breach of warranty as to a [tool's]

capabilities" or loss of crops caused by a defective harvesting machine, for example, constitute consequential damages. *Id.* at 569–70. In contrast, "damages arising from the fact that a thing sold and warranted is of less value than it would have been if the warranty were true" are direct damages. *Id.*; *see also Far East Aluminium Works Co. Ltd. v. Viracon, Inc.*, 27 F.4th 1361, 1365 (8th Cir. 2022) (distinguishing between direct and consequential damages and citing *Kleven*).

**B. TRAC Residual-Value Deficiencies**

With respect to Highway Sales' claim that it suffered economic damages "in the form of TRAC residual-value deficiencies" (Dkt. 50-1 ¶ 76), the Court comes to the same conclusion as Judge Elkins. The gap between the lease-end sale proceeds and the agreed-upon TRAC residual value "are the sort of additional, foreseeable losses that arise out of the particular requirements of Highway Sales' lease for the vehicles," not from breach of the express warranty itself. (Dkt. 60 at 10.)

The Limited Warranty Agreement, signed by both Dart and Highway Sales, offered warranty only as to "Warrantable Failures," (defects in materials and factory workmanship) and, moreover, provided as the sole and exclusive remedy "repair or replacement of 'warrantable failures.'" (Dkt. 17-1, at 1). In contrast, the TRAC residual-value deficiencies arose in the context of Highway Sales' financing arrangements. (*See* Dkt. 50-1 ¶¶ 47–50 (describing common financing arrangements entered into by Highway Sales and lessors at the time vehicles were purchased).) Because the costs incurred by Highway Sales at the point of vehicle resale "do not arise directly according to the usual course of things from

the breach of the contract itself," the deficiencies are consequential damages explicitly excluded by the Limited Warranty. *Kleven*, 227 N.W.2d at 569.

Like the sellers in *Far East Aluminium*, PACCAR was responsible pursuant to particular warranty terms, but never promised any relief for TRAC residual-value deficiencies within those terms. 27 F.4th at 1365. This means that Highway Sales' alleged harm resulting from those deficiencies is more akin to "loss of profits from a late delivery" than harm that resulted from failure to comply with the terms of the express warranty. *Id.* ("Had Viracon failed to follow through on its promise to deliver replacement lites or refund the purchase price, then the direct damages would have consisted of anything expected to follow in the usual course after the breach . . . . What is going on here is different. Viracon never promised to remove defective lites, install new ones, or pay Far East's business partners.") (internal quotations omitted). As such, the Court finds that amendment of the complaint to incorporate damages in the form of TRAC residual-value deficiencies is futile.

**C. Diminution in Value Theory of Damages**

Regarding alleged direct damages that may be illustrated by the vehicles' diminution in value, the Court comes to a different conclusion: In the Proposed Amended Complaint, Highway Sales alleges facts sufficient for the Court to infer that the vehicles it purchased had less value than they would have had PACCAR not breached the express warranty they made. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Silva v. Metropolitan Life Ins. Co.*, 762 F.3d 711, 719 (8th Cir. 2014) (citation omitted).

Highway Sales was the buyer of the 498 vehicles in question, Dkt. 50-1 ¶ 46, and was one of the parties who was covered by the extended warranty purchased at the time

each of these trucks was acquired, Dkt. 17-1, at 1. In the Proposed Amended Complaint, it alleges that the vehicles were defective and that PACCAR failed to meet the terms of the express warranty. (Dkt. 50-1 ¶ 41 ("Under Defendant's warranty, Plaintiffs are entitled to repair and replacement of defective parts. However, because the Defects persist after the repairs and replacements authorized by Defendant, and because Defendant knew that these actions were insufficient to cure the numerous issues with the defective Vehicles, Plaintiffs are left without any remedy under a warranty to correct the Vehicles.").) These factual allegations, presented at this stage of the proceedings, support an inference that Highway Sales suffered direct damages.[8] PACCAR cites no authority for the proposition that diminution-in-value is not an appropriate measure for direct damages under Minnesota law. What follows is the conclusion that Highway Sales' allegations based on a diminution-in-value theory, pleaded in the Proposed Amended Complaint, are not futile and should not be dismissed at this point in the proceedings.

The Court will accept the April 6 Order with modifications as described below and will allow Highway Sales to join the proceedings according to the conclusions the Court makes throughout this Order. The Court notes that this result does not arise based on error

[8] The Court agrees with PACCAR that it has "already considered and rejected" Dart's initial efforts to recover consequential damages. (Dkt. 65 at 7–8 (citing Dkt. 30 at 15 n. 4).) Here, however, the Court is not holding that Dart can recover damages under any one of those categories of damages. Instead, it is holding that Highway Sales can recover based on the fact that the vehicles they purchased were worth less at the point of purchase than they would if the alleged defects didn't exist. Yes, measures such as "lower re-sale value" and even TRAC residual-value deficiencies may serve as a data point in proving the measure of direct damages, but they are not the category of damage that Highway Sales is being allowed to recovery under in the Proposed Amended Complaint.

in Judge Elkins' previous Order; in fact, the undersigned has come to many of the same conclusions. Rather, the Court's modification of Judge Elkins' conclusions arises from the way in which the issues have been presented to this Court.

**ORDER**

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Elkins' Order on Plaintiff's Motion for Leave to Amend the Complaint (Dkt. 60) is **AFFIRMED with modifications.**

    a. Based on the Court's conclusion that the Proposed Amended Complaint adequately alleges breach of express warranty claims suffered by Highway Sales, specifically via a diminution in value theory of damages, Plaintiff Dart Transit Company's proposed amendment adding Highway Sales as a plaintiff is **GRANTED**.

    b. Plaintiff Dart Transit Company's proposed amendments are **DENIED** to the extent they allege claims for consequential damages, specifically TRAC residual-value deficiencies.

    c. Plaintiff Dart Transit Company's motion to amend Paragraph 60 is **GRANTED.**

Date: November 23, 2026

*s/ Katherine M. Menendez*
Katherine M. Menendez
U.S. District Court Judge